# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J. MANUEL RICO CHAVEZ, | ) | 1:08cv01323 DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | SOCIAL SECURITY COMPLAINT |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## BACKGROUND

Plaintiff J. Manuel Rico Chavez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. On October 6, 2008, the action was reassigned to the Honorable Dennis L. Beck for all purposes.

## FACTS AND PRIOR PROCEEDINGS[2]

Plaintiff filed his applications on January 25, 2005, alleging disability since April 18, 2001, due to leg, back and stomach problems.  AR 73-75, 136-145.  After being denied initially and on reconsideration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  AR 47-52, 55-60, 61.  ALJ James Curletti held a hearing on July 5, 2007, and issued a partially favorable decision on September 27, 2007.  AR 11-27, 674-698.  On August 6, 2008, the Appeals Council denied review.  AR 5-7.

Hearing Testimony[3]

ALJ Curletti held a hearing on July 5, 2007, in Bakersfield, California.  Plaintiff appeared with his attorney, Geoffrey Hayden.  George Weilepp, Medical Expert, and Corinne Guillory, Vocational Expert ("VE"), also appeared and testified.  AR 674.

For the hypothetical question, the ALJ asked the VE to assume a person of Plaintiff's age, education and experience.  Specifically, this person was a younger individual with less than a high school education and a minimal, if any, ability to communicate in English.  This person could perform simple, repetitive tasks, could stand or walk for two to four hours a day, could sit for four hours a day and could lift 10 pounds frequently, 20 pounds occasionally.  This person could not be exposed to heights or dangerous machinery, and could not perform more than frequent manipulation, gripping and grasping.  AR 692.

The VE testified that this person could not perform Plaintiff's past relevant work.  AR 693.  She explained that pursuant to her "brand new statistics for Bakersfield," Plaintiff could perform the positions of production worker and production helper.  With the sitting, standing and walking restriction, the VE estimated that this job would be eroded by 25 percent, leaving about "400 plus" in Bakersfield.  Nationally, there would be 327,100 positions, eroded by 25 percent.  AR 694.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[3] Plaintiff's only challenge to the ALJ's decision is based on vocational evidence.  As there is no dispute relating to Plaintiff's medical evidence and/or the ALJ's RFC finding, the Court will only summarize the Vocational Expert's testimony.  Likewise, the Court will not summarize the medical evidence.

1    The VE also identified the position of production helper, of which were there 17,429

2    nationally, eroded by 25 percent.  AR 694.

3    <u>ALJ's Findings</u>

4    The ALJ determined that for the period from December 1, 2003, through December 1,

5    2004, Plaintiff was unable to work due to disabling back pain and depression (status-post two

6    lumbar surgeries, L5 radiculopathy, status-post right wrist surgery, and adjustment disorder with

7    depressed mood).  Prior to December 1, 2003, and after December 1, 2004, however, the ALJ

8    found that Plaintiff retained the residual functional capacity ("RFC") to perform a significant

9    number of positions in the national economy.

10    For the period prior to December 1, 2003, the ALJ found that Plaintiff could perform

11    sedentary work.  AR 22.

12    As to the period after December 1, 2004, the ALJ found that Plaintiff's conditions had

13    significantly improved.  AR 20.  Plaintiff retained the RFC to lift and carry 10 pounds frequently,

14    20 pounds occasionally, stand and/or walk with a cane for three to four hours, and sit for three to

15    four hours.  Plaintiff would require a sit/stand option.  He could perform frequent manipulations

16    with his right, dominant hand, but could not work at unprotected heights or around moving

17    machinery.  Plaintiff also had to avoid frequent bending, stooping, crouching and crawling, and

18    was limited to simple, repetitive tasks that do not require the ability to communicate in English.

19    AR 23.

20    Given this RFC, the ALJ relied on the VE's testimony that Plaintiff could perform the

21    unskilled, sedentary positions of production worker (400 in Bakersfield and 300,000 nationally)

22    and production helper (12,000 to 13,000 nationally).  AR 24.

23    **<u>SCOPE OF REVIEW</u>**

24    Congress has provided a limited scope of judicial review of the Commissioner's decision

25    to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations,

26    the Court must determine whether the decision of the Commissioner is supported by substantial

27    evidence.  <u>42 U.S.C. 405</u> (g).  Substantial evidence means "more than a mere scintilla,"

28    <u>*Richardson v. Perales*, 402 U.S. 389, 402 (1971)</u>, but less than a preponderance.  <u>*Sorenson v.*</u>

1   *Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).  It is "such relevant evidence as a

2   reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at

3   401.  The record as a whole must be considered, weighing both the evidence that supports and the

4   evidence that detracts from the Commissioner's conclusion.  *Jones v. Heckler,* 760 F.2d 993, 995

5   (9th Cir. 1985).  In weighing the evidence and making findings, the Commissioner must apply the

6   proper legal standards.  *E.g.*, *Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988).  This

7   Court must uphold the Commissioner's determination that the claimant is not disabled if the

8   Secretary applied the proper legal standards, and if the Commissioner's findings are supported by

9   substantial evidence.  *See* *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th

10  Cir. 1987).

11  **REVIEW**

12          In order to qualify for benefits, a claimant must establish that he is unable to engage in

13  substantial gainful activity due to a medically determinable physical or mental impairment which

14  has lasted or can be expected to last for a continuous period of not less than 12 months.  42

15  U.S.C. § 1382c (a)(3)(A).  A claimant must show that he has a physical or mental impairment of

16  such severity that he is not only unable to do her previous work, but cannot, considering his age,

17  education, and work experience, engage in any other kind of substantial gainful work which exists

18  in the national economy.  *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).  The

19  burden is on the claimant to establish disability.  *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.

20  1990).

21          In an effort to achieve uniformity of decisions, the Commissioner has promulgated

22  regulations which contain, inter alia, a five-step sequential disability evaluation process.  20

23  C.F.R. §§ 404.1520 (a)-(f), 416.920 (a)-(f) (1994).[4]  Applying this process in this case for the

24  period after December 1, 2004, the only period at issue, the ALJ found that Plaintiff: (1) had not

25  engaged in substantial gainful activity since the alleged onset of his disability; (2) has an

26  impairment or a combination of impairments that is considered "severe" (status-post two lumbar

27  _____

28          [4]All references are to the 2002 version of the Code of Federal Regulations unless otherwise noted.

4

1  surgeries, L5 radiculopathy, status-post right wrist surgery, and adjustment disorder with

2  depressed mood) based on the requirements in the Regulations (20 CFR §§ 416.920(b)); (3) does

3  not have an impairment or combination of impairments which meets or equals one of the

4  impairments set forth in Appendix 1, Subpart P, Regulations No. 4; (4) cannot perform his past

5  relevant work; but (5) retains the RFC to perform a significant number of light work positions.

6  AR 25-26.

7       Here, Plaintiff contends that the ALJ erred at step five because Plaintiff's RFC finding

8  precludes the ability to perform the positions identified by the ALJ.

9                                    **DISCUSSION**

10      Plaintiff argues that, contrary to the ALJ's finding, he cannot perform the alternate

11 positions of production worker and production helper because the positions require functioning

12 beyond his RFC.

13      Once the claimant establishes a prima facie case of disability, the burden of going

14 forward with the evidence shifts to the Secretary.  Hammock v. Bowen, 867 F.2d 1209 (9th Cir.

15 1989).  At step five, the Secretary bears the burden of establishing the existence of alternative

16 jobs available to the claimant, given his or her age, education, and medical-vocational

17 background.  In an appropriate case, the Secretary may meet this burden through application of

18 the medical-vocational guidelines set forth in the regulations.[5]  See 20 C.F.R. Pt. 404, Subpt. P,

19 App. 2 ("Appendix 2"); Heckler v. Campbell, 461 U.S. 458 (1983); Odle v. Heckler, 707 F.2d

20 439, 440 (9th Cir. 1983).  If the guidelines do not accurately describe a claimant's limitations,

21 the Secretary may not rely on them alone to show availability of jobs for the claimant.

22 Desrosiers v. Secretary, 846 F.2d 573 (9th Cir. 1988).

23      Here, the ALJ relied on the testimony of the VE in determining that Plaintiff could

24 perform the positions of production worker and production assistant.  Plaintiff does not dispute

25 the RFC finding, but rather contends that the ALJ failed to comply with statutory requirements in

26

27       [5]       For any given combination of factors (residual functional capacity, age, education, and work
28 experience), the guidelines direct a conclusion of disability or nondisability when they accurately describe a
   claimant's particular limitations.

                                        5

making his finding.  Specifically, Plaintiff argues that the ALJ failed to comply with SSR 83-14, which requires citations of examples of occupations/jobs a claimant can do, and SSR 00-4p, which requires the ALJ to determine if a conflict exists between the positions identified and the Dictionary of Occupational Titles ("DOT").

Plaintiff believes that the VE referred to the "generic" positions of production assistant and production helper, without providing specific DOT listings.  Without DOT listings, Plaintiff argues, the ALJ could not determine whether the cited positions were consistent with the DOT.

While there is no requirement in the SSRs that requires the ALJ to set forth specific DOT job numbers, the ALJ is explicitly required to determine whether the VE's testimony deviates from the DOT and whether there is any reasonable explanation for the deviation.  Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir.2007).  The error can be harmless where there is no conflict, or the record provides an explanation for the conflict.  Id., at 1154, n. 19.

It is undisputed that the ALJ failed to ask the VE whether her testimony was consistent with the DOT.  In attempting to show that the error was not harmless, Plaintiff asserts that there are seven occupations in the DOT that carry the title or alternate title of "production worker" or "production helper," all of which are either beyond Plaintiff's limitation to light work, contrary to Plaintiff's limitation to work that does not involve working around heights or moving machinery, and/or contrary to his limitation to work not requiring communication in English.

The Court agrees with Plaintiff that there appears to be a conflict between the VE's citation to "production worker" and "production helper" and the requirements set forth in the DOT for the various positions that fall under those titles.  However, the VE's testimony provides an explanation for any conflict.  In answering the ALJ's hypothetical, the VE explained that she was relying on updated statistics that she recently received for the Bakersfield area.  AR 693. After initially stating that she "was not coming up with any jobs" that would fit with Plaintiff's standing limitations and his inability to communicate in English, the VE indicated that she found the positions of "production worker" and "production helper."  AR 693-694.  As to "production worker," she indicated that there would be 25 percent erosion based on Plaintiff's sitting, standing

1  and walking restrictions.  AR 694.  The VE also indicated that there would be a 25 percent

2  erosion for "production helper."  AR 694.

3          The VE's testimony therefore resolves any conflict.  As SSR 00-4p recognizes, a VE "or

4  other reliable source of occupational information may be able to provide more specific

5  information about jobs or occupations than the DOT."  Here, the VE relied on updated statistics

6  for the Bakersfield area and specifically eroded the numbers based on the ALJ's hypothetical.

7  Accordingly, any error was harmless.

8                                          **CONCLUSION**

9          Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial

10  evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court

11  DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social

12  Security.  The clerk of this Court is DIRECTED to enter judgment in favor of Defendant Michael

13  J. Astrue, Commissioner of Social Security and against Plaintiff, J. Manuel Rico Chavez.

14

15

16      IT IS SO ORDERED.

17  **Dated:    November 23, 2009            /s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28